IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDISON HESTER, #36962-044,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-01127-JPG |
| ) | |
| **C/O ROGERS,** ) | |
| **C/O WEDTKA,** ) | |
| **CEDRIC SYKES,** ) | |
| **ASSOC. WARDEN SANTIAGO,** ) | |
| **CAPTAIN GORE,** ) | |
| **FEDERAL BUREAU OF PRISONS,** ) | |
| **MARCIE NAGLE,** ) | |
| **CASE MANAGER WIEGMAN,** ) | |
| **A. KNIBIL,** ) | |
| **COUNSELOR SEELEY,** ) | |
| **and PATRICK SEARS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Edison Hester, a former inmate in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), filed this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, on October 26, 2020.[1] (Docs. 1 and 1-1). In the Complaint, Plaintiff brings miscellaneous claims for violations of his constitutional rights at FCI-Greenville. (Doc. 1, pp. 1-30; Doc. 1-1, pp. 1-8). He seeks monetary relief. (Doc. 1, p. 14).

---

[1] According to public records, Plaintiff was released from BOP custody on November 6, 2020. *See* https://www.bop.gov/inmateloc/ (site last visited April 16, 2021). *See also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

1

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). Before the Court screens the Complaint under Section 1915A, however, it must first determine whether any claims are improperly joined in this action and subject to severance. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

### The Complaint

Plaintiff organizes the Complaint into six separate "claims" and offers the following allegations in support of each claim (Doc. 1, pp. 9-13):

**1.  Count 1**

On August 17, 2020, Inmate Cedric Sykes threw urine and feces on Plaintiff, Inmate James Kang, Officer Wedtka, and Officer Rogers. At the time, Plaintiff was exiting the Special Housing Unit (SHU). (Doc. 1, p. 13). Plaintiff blames Officer Rogers for acting negligently or with deliberate indifference when he failed to close the chuckhole to Inmate Sykes' cell. (*Id.*).

Plaintiff immediately filed informal and formal complaints (BP-8) to report the assault. He was called to the nurse's station, where photographs or video were taken of him. However, BOP staff otherwise ignored his complaints. On August 19, 2020, Unit Manager Robinson informed Plaintiff to file a BP-9 to grieve the incident. The BP-8 forms were never returned, and the BP-9 was rejected. (*Id.*).

Plaintiff informed the psychology department that the incident caused him to suffer psychological distress. Plaintiff's request for one-on-one counseling was nevertheless ignored. Dr. Nagle initially refused to speak with Plaintiff outside of his cellmate's presence. Although the doctor eventually agreed to meet with him one-on-one, Dr. Nagle only did so to persuade Plaintiff to file a complaint pursuant to the Prison Rape Elimination Act ("PREA") in connection with another matter. (*Id*. at 9). This incident caused Plaintiff to suffer mental anguish. (*Id*.).

2.  **Count 2**

Plaintiff complained about the prison administration's decision to mix inmates who tested positive for COVID-19 with inmates who tested negative. (Doc. 1, p. 9). When he complained, Captain Gore had Plaintiff placed in the SHU on August 26, 2020. At the time, he was not subject to an incident report, lockup order, or disciplinary action. Even so, his telephone privileges were suspended. On September 3, 2020, all inmates who were eligible to leave segregation and transfer to Unit 1A did so, except for Plaintiff. When Plaintiff asked SHU Lieutenant Newlin why he was being targeted, the lieutenant said, "[T]he capt[ain] is on some sort of power trip with you." (*Id*.).

3.  **Count 3**

Plaintiff arrived at FCI-Greenville on July 30, 2020, with a release date scheduled for November 7, 2020. (Doc. 1, p. 9). In the months before his release, no one made an effort to place him into the re-entry release program. Participation in this program would have helped Plaintiff transition back into society and was particularly important to him following his mother's death from COVID-19. Plaintiff was also never "teamed" by a unit team at FCI-Greenville as required by the BOP. Plaintiff maintains that this is evidence of the staff's neglect and lack of work ethic. (*Id*.).

**4.     Count 4**

Twice in October 2020, Plaintiff was issued incident reports for refusing to submit to COVID-19 tests. (Doc. 1, p. 10). The only reason he refused the tests is because Nurse Paul Kelly previously caused a nosebleed when administering the same test on July 30, 2020. Nurse A. Knibil issued both incident reports. However, Plaintiff had no interaction with her and does not know who she is. Officer D. Butts was the range officer on October 14, 2020, and he admitted to Officer Ghrist that he never escorted the nurse to C-Range to speak with Plaintiff on that date. At the prison disciplinary hearing, Counselor Seeley would not allow Plaintiff to call Officer Butts as a witness. Counselor Seeley also denied Plaintiff's request for a BP-8 form and forced him to use a BP-9 to complain about the incident instead.[2] (*Id.*).

**5.     Count 5**

While Plaintiff was speaking with a family member on his birthday (October 2, 2020), Dr. Nagle interrupted the telephone call. (*Id.* at 11). She screamed at Plaintiff's cellmate and then unplugged the phone. The chaplain witnessed the incident.

Two weeks later on October 16, 2020, Dr. Nagle approached Plaintiff's cell and asked, "[H]ow was your birthday?" (*Id.*). The doctor was obviously referring to the phone call.

Plaintiff maintains that Dr. Nagle ended his call in retaliation for complaints he filed against her about her poor treatment of him in August 2020. When Plaintiff attempted to complain about this incident, Counselor Seeley denied his request for BP-8 forms and forced him to use BP-9 forms instead. The counselor explained that Plaintiff's impending release from custody would render his use of BP-8 forms a "waste of time." (*Id.*).

---

[2] Plaintiff mentions Kelly, Butts, and Ghrist in the statement of this claim, but he does not name these individuals as defendants or bring any claims against them. (Doc. 1, p. 10).

6. **Count 6**

On October 14, 2020, Dr. Patrick Sears made a sexually explicit comment to Plaintiff, who "inadvertently made a scene" when he heard the comment. (Doc. 1, p. 12). The following day, Dr. Sears took Plaintiff to a "very private location" to apologize and "express his concern for [his] mental health." (*Id*.). Plaintiff initially believed that Dr. Nagle had something to do with the incident, but he later concluded that Dr. Sears was motivated by his own homosexuality.

Plaintiff spent the next week attempting to file a PREA complaint. He was forced to submit a verbal complaint with SIS Officer Serio, Unit Manager Rogers, and Dr. Hernandez. No one would give him the forms to file a BP-8 or BP-9, until he asked for them in the presence of several officers.[3] (*Id*.).

## Preliminary Dismissals

1. **FTCA Claims**

Plaintiff brings this action pursuant to *Bivens* and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. The FTCA explicitly authorizes "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). However, the United States is the only proper defendant in an FTCA action. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982); 28 U.S.C. § 2679(b). Because Plaintiff has not named the United States as a defendant herein, he cannot proceed under the FTCA. Accordingly,

---

[3] Plaintiff mentions SIS Officer Serio and Dr. Hernandez in the statement of this claim, but he does not name them as defendants. (Doc. 1, p. 12). Moreover, he mentions Serio, Henandez, and Rogers in connection with his verbal complaint, but asserts no claim against them for a violation of his rights. Claim six involves a single defendant: Dr. Sears.

the FTCA claims shall be dismissed without prejudice, and all claims in this action shall be treated as being brought pursuant to *Bivens*.

**2.      Defendants Santiago and Wiegman**

Plaintiff names Associate Warden Santiago and Case Manager Wiegman as defendants in the case caption of the Complaint, but he does not mention either one in the statement of his claim. Merely naming someone in the case caption is insufficient to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, both individuals shall be dismissed without prejudice from this action.

## Severance

Plaintiff's six "claims" involve distinct groups of defendants, separate transactions or occurrences, few common questions of fact, and different legal theories. With the exception of "Claim 1" and "Claim 5," which share a common defendant (*i.e.*, Dr. Nagle) and some common facts, these claims cannot proceed together in the same suit. *See* FED. R. CIV. P. 18, 20(a)(2). District courts apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same suit. *George*, 507 F.3d at 607. Under Rule 21 of the Federal Rules of Civil Procedure, district courts have broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Plaintiff's claims can be divided into five groups at this stage: (1) Claim 1 against Rogers, Wedtka, Sykes, and Nagle for the August 2020 feces incident and Claim 5 against Nagle and Seeley for the October 2020 birthday phone call incident; and (2) Claim 2 against Gore for Plaintiff's placement in SHU in August 2020; (3) Claim 3 against BOP for the failure to "team" Plaintiff or place him in a re-entry release program from July – November 2020; (4) Claim 4

6

against Knibil and Seeley for the disciplinary action taken against Plaintiff following his refusal to submit to COVID-19 testing twice in October 2020; and (5) Claim 6 against Sears for his sexually explicit comments to Plaintiff on or around October 14-15, 2020. All five sets of claims shall proceed separately.

Claims 1 and 5 shall remain in this action, and the Court will enter a separate screening order for these claims pursuant to 28 U.S.C. § 1915A. The Court will exercise its discretion and sever Claims 2, 3, 4, and 6 into four new cases. Plaintiff will have an opportunity to decide whether he wishes to pursue the claims in the newly-severed cases. If he chooses to proceed, Plaintiff shall be responsible for paying the additional filing fee for *each* newly-severed case. If he chooses not to proceed, Plaintiff must advise the Court of his decision in a timely manner, or he will be responsible for paying the filing fee for said action(s).

## Disposition

**IT IS ORDERED** that the claims brought pursuant to the Federal Tort Claims Act are **DISMISSED** without prejudice for failure to state a claim for relief.

**IT IS ORDERED** that **CLAIMS 2, 3, 4,** and **6** are *each* **SEVERED** into a separate suit, as follows:

**Severed Case #1: CLAIM 2** against **GORE**;

**Severed Case #2: CLAIM 3** against **FEDERAL BUREAU OF PRISIONS**;

**Severed Case #3: CLAIM 4** against **KNIBIL** and **SEELEY**; and

**Severed Case #4: CLAIM 6** against **SEARS**.

The Clerk is **DIRECTED** to file the following documents in the newly-severed case:

1) The Complaint (Doc. 1);
2) Motion for Leave to Proceed *in forma pauperis* (Doc. 5);
3) This Memorandum and Order Severing Case.

**IT IS ORDERED** that Defendants **SANTIAGO** and **WIEGMAN** are **DISMISSED without prejudice** because Plaintiff does not mention these defendants in the statement of his claim or in connection with any claims; Defendants **GORE, FEDERAL BUREAU OF PRISONS, KNIBIL,** and **SEARS** are **DISMISSED** with prejudice because they are named in connection with claims that are severed from this action. The Clerk of Court is **DIRECTED** to **TERMINATE** these Defendants as parties to *this action* in CM/ECF.

The **only claims remaining in this action** are **CLAIMS 1** and **5** involving Defendants **ROGERS, WEDTKA, SYKES, SEELEY,** and **NAGLE**. The Clerk of Court is **DIRECTED** to modify the case caption as follows: **EDISON HESTER, Plaintiff vs. C/O ROGERS, C/O WEDTKA, CEDRIC SYKES, COUNSELOR SEELEY,** and **MARCIE NAGLE, Defendants.** The Court will separately screen Claims 1 and 5 pursuant to Section 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 4/19/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**