## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDISON HESTER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-01127-JPG |
| | ) | |
| C/O ROGERS, | ) | |
| C/O WEDTKA, | ) | |
| CEDRIC SYKES, | ) | |
| MARCIE NAGLE, and | ) | |
| COUNSELOR SEELEY, | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Edison Hester, a former inmate in the Federal Bureau of Prisons ("BOP") who was incarcerated at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), filed this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"),[1] 28 U.S.C. §§ 1346, 2671-2680, on October 26, 2020.  (Docs. 1 and 1-1).  The Complaint asserts miscellaneous claims for money damages against BOP officials stemming from Plaintiff's incarceration at FCI-Greenville.  (Doc. 1, pp. 1-30; Doc. 1-1, pp. 1-8).  The Court entered a Memorandum and Order Severing Case on April 19, 2021.  (Doc. 9).

Only two claims remain in this action.  Count 1 arises from another inmate's assault on Plaintiff, Officer Wedtka, and Officer Rogers in August 2020.  Count 5 arises from Dr. Nagle's interference with Plaintiff's birthday phone call two months later in retaliation for the complaints

---

[1] The Court dismissed the FTCA claim(s) without prejudice in the Memorandum and Order Severing Case. (Doc. 9).  Therefore, this Order focuses on those claims brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

he filed against her about her poor treatment of him after the assault in August 2020.  Both claims are subject to preliminary review.

Section 1915A requires the Court to screen prisoner complaints to filter out non-meritorious claims.  28 U.S.C. § 1915A(a).  Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this stage, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the following allegations in connection with Counts 1 and 5 in the Complaint (Doc. 1, pp. 9, 11, and 13):

### A.    Count 1

On August 17, 2020, Inmate Cedric Sykes threw urine and feces on Plaintiff, Officer Wedtka, Officer Rogers, and another inmate.  (*Id*. at 13).  Plaintiff blames Officer Rogers for the incident because the officer failed to close the chuckhole to Inmate Sykes' cell.  (*Id*.).

Plaintiff immediately filed one or more BP-8 forms to report the assault.  He was called to the nurse's station, where photographs or video were taken of him.  However, BOP staff otherwise ignored his complaints.  On August 19, 2020, Unit Manager Robinson[2] informed Plaintiff to file a BP-9 to grieve the incident instead.  The BP-8 forms were never returned, and the BP-9 was rejected.  (*Id*.).

---

[2] Unit Manager Robinson is not named as a defendant in the Complaint, and Plaintiff asserts no claims against this individual.  (*See* Doc. 1).

**B.**      **Count 5**

Plaintiff informed the psychology department that the assault caused him to suffer psychological distress.  Dr. Nagle initially refused to speak with him outside of his cellmate's presence.  When Dr. Nagle eventually agreed to meet with him alone, the doctor did so only to persuade Plaintiff to file a complaint in another matter pursuant to the Prison Rape Elimination Act ("PREA").  (*Id*. at 9).

When Plaintiff filed one or more grievances against the doctor, Dr. Nagle allegedly retaliated.  While speaking with a family member on his birthday (October 2, 2020), Dr. Nagle interrupted Plaintiff's telephone call by screaming at his cellmate and unplugging the phone in the process.  (*Id*. at 11).  Two weeks later on October 16, 2020, Dr. Nagle approached Plaintiff's cell and asked, "[H]ow was your birthday?"  (*Id*.).  The doctor was obviously referring to the phone call.  (*Id*.).

Plaintiff attempted to complain about this incident, but Counselor Seeley denied his request for BP-8 forms and forced him to use BP-9 forms instead.  The counselor explained that the BP-8 form would just be a "waste of time" given his impending release from prison.  (*Id*.).

Based on the allegations, the Court finds it convenient to recharacterize Counts 1 and 5, as follows:

| | |
|---|---|
| **Count 1:** | Inmate Sykes assaulted Plaintiff with feces and urine on August 17, 2020, in violation of Plaintiff's constitutional rights and pursuant to *Bivens*. |
| **Count 2:** | Officers Rogers and Wedtka failed to protect Plaintiff from Inmate Sykes' assault on August 17, 2020, when Officer Rogers neglected to close Inmate Sykes' chuckhole door, in violation of the Eighth Amendment and pursuant to *Bivens*. |
| **Count 3:** | Dr. Nagle failed to provide timely and adequate mental health treatment for mental anguish Plaintiff suffered as a result of the assault, in violation of the Eighth Amendment and pursuant to *Bivens*. |

**Count 4:**  Dr. Nagle retaliated against Plaintiff for complaining about the doctor by interfering with his birthday phone call on October 2, 2020, in violation of the First Amendment and pursuant to *Bivens*.

**Count 5:**  Counselor Seeley denied or improperly handled Plaintiff's grievances regarding Dr. Nagle's treatment of him, in violation of the Fifth Amendment Due Process Clause and pursuant to *Bivens*.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

### Discussion

*Bivens* provides an implied damages remedy for certain constitutional deprivations caused by persons acting under color of federal authority. *Bivens*, 403 U.S. 388 (1971). In *Ziglar v. Abbasi*, 137 U.S. 1843 (2017), the Supreme Court noted only three instances in which this remedy was recognized by the Supreme Court: (1) a Fourth Amendment claim for an unlawful search and seizure recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); (2) a Fifth Amendment due process claim involving gender discrimination recognized in *Davis v. Passman*, 442 U.S. 228 (1979); and (3) an Eighth Amendment claim for inadequate medical treatment recognized in *Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978). The Supreme Court has cautioned district courts against expanding *Bivens* into new contexts, unless certain "special factors" counsel otherwise. *Abbasi*, 137 U.S. at 1859-60. Even if Plaintiff's claims fell within one of the three previously-recognized contexts or special factors counseled expansion of this remedy into a new context, Plaintiff's allegations still fail to state any claim for relief against a defendant.

In Count 1, Plaintiff sues another inmate for money damages pursuant to *Bivens*. However, this type of claim can only proceed against persons acting under color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). No allegation suggests that Inmate

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Sykes acted under color of federal authority when assaulting Plaintiff with urine and feces. Count 1 does not survive preliminary review and shall be dismissed with prejudice at the gate.

In Count 2, Plaintiff seeks to bring a claim against Officers Rogers and Wedtka for failing to protect him from the inmate assault. These individual federal agents cannot be liable in a *Bivens* suit "'unless they themselves acted' unconstitutionally." *Woods v. Moss*, 572 U.S. 744, 763 (2014) (citation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must allege that "each Government-official defendant, through the official's own individual actions, has violated the Constitution."). This is because "liability under a *Bivens*-like remedy is personal." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012). Both officers were also subject to the assault by Inmate Sykes. Plaintiff does not cast blame at Officer Wedtka for any unconstitutional conduct, and his allegations of negligence against Officer Rogers support no constitutional claim against this individual. Moreover, Plaintiff does not suggest that either defendant knew, or should have known, that Inmate Sykes would assault Plaintiff with enough advance notice to thwart the attack by shutting the chuckhole door—a fact that is underscored by their own assault by Inmate Sykes. Count 2 shall be dismissed without prejudice against Officers Rogers and Wedtka.

In Count 3, Plaintiff brings a claim against Dr. Nagle for failing to provide him with adequate or timely mental health treatment for mental anguish he experienced after the assault. An Eighth Amendment claim has an objective and a subjective component. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). To satisfy the objective component, the plaintiff must describe a sufficiently serious medical need—which is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Zentmyer v. Kendall Cnty., Ill.,* 220 F.3d

805, 810 (7th Cir. 2000) (internal citation omitted)).  To satisfy the subjective standard, the plaintiff

must describe deliberate indifference on the part of each defendant, which occurs where a

defendant knew of and disregarded "an excessive risk to inmate health or safety."  *Gutierrez v.*

*Peters*, 111 F.3d 1363, 1369 (7th Cir. 1997).  However, Plaintiff's allegations satisfy neither of

these standards.  His vague reference to mental anguish is insufficient to show a sufficiently serious

mental health condition.  And, his description of Dr. Nagle as delaying one-on-one treatment

before encouraging him to file a PREA complaint about another matter is equally vague and

inadequate to support the claim of deliberate indifference against the doctor.  Count 3 shall also be

dismissed without prejudice for failure to state a claim for relief.

In Count 4, Plaintiff suggests that Dr. Nagle interfered with his birthday phone call and

later asked him how he liked his birthday, all in retaliation for filing complaints against the doctor.

There are several problems with this claim.  First, Plaintiff offers no indication of how much time

passed between his complaints and the retaliatory acts; it appears that a significant amount of time

passed (i.e., 6-8 weeks) with no intervening incidents involving the doctor.  This suggests that the

incidents were unrelated altogether.  Second, he fails to explain how interference with his birthday

phone call—interference that occurred when the doctor was disciplining his cellmate—and asking

him how he liked his birthday two weeks later—which, as described, sounds like a friendly

inquiry—amounted to retaliation.  Plaintiff has not offered sufficient allegations to state a plausible

claim of retaliation against Dr. Nagle. so Count 4 shall be dismissed without prejudice.

Finally, Count 5 states no claim for relief under the Fifth Amendment due process clause.

Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due

Process Clause per se.  As such, the alleged mishandling of grievances "by persons who otherwise

did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635

6

F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Count 5 shall be dismissed with prejudice against Counselor Seeley.

For the reasons set forth above, the Complaint does not survive preliminary review and shall be dismissed. Plaintiff will have an opportunity to re-plead his claims by filing a First Amended Complaint in this case. If he chooses to do so, Plaintiff must comply with the instructions and deadline set forth in the below disposition.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim for relief. **COUNTS 1** and **5** are **DISMISSED** with prejudice, and **COUNTS 2, 3,** and **4** are **DISMISSED** without prejudice. The Clerk's Office is **DIRECTED** to **TERMINATE** Defendants **SYKES** and **SEELEY** as defendants in CM/ECF.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **October 11, 2021**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-01127-JPG). The **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering

the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).   Therefore, the First Amended Complaint must stand on its own without reference to any previous pleading.  It is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

DATED: 9/13/2021                           s/ J. Phil Gilbert
                                                      **J. PHIL GILBERT**
                                                      **United States District Judge**